UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:10-CR-58-KKC

UNITED STATES OF AMERICA, PLAINTIFF

v **OPINION AND ORDER**

NATHAN FLERLAGE, DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on the motions (DE 60, 61] by the Defendant for appointment of counsel to represent him in filing a petition under 28 U.S.C. § 2255. This court may provide counsel for a financially eligible person seeking relief under Section 2255 if the "interests of justice so require." 18 U.S.C. § 3006A; 28 U.S.C. § 2255(g). Counsel should be appointed if the petitioner could not obtain a lawyer on his own; given the case's difficulty and the petitioner's ability, he could not obtain justice on his own; and he would have a reasonable chance of winning if appointed a lawyer. *Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D. Mich. 2002)(quoting *Forbes v. Edgar*, 112 F.3rd 262, 264 (7th cir. 1997).

The Defendant has not made this showing. He has not filed a habeas petition or otherwise identified any specific issue that might entitle him to relief. Instead, he summarily states that his petition will be based on ineffective assistance of trial counsel during his guilty plea and that he wishes to withdraw his guilty plea. The Court further notes that, in his plea agreement, the Defendant waived his right to collaterally attack the guilty plea and that the Court of Appeals for

the Sixth Circuit has determined that the Defendant entered into his plea agreement voluntarily and that he understood the agreement. [DE 59].

Accordingly, the Court hereby ORDERS that the Defendant's Motions for Appointment of Counsel [DE 61, 61] are DENIED.

Dated this 25th day of January, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge