UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff,**<br><br>V.<br><br>**NATHAN FLERLAGE,**<br>    **Defendant.** | CRIMINAL NO. 5:10-58-KKC-CJS<br><br>MEMORANDUM OPINION & ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Nathan Flerlage's motion to compel the Plaintiff to return property seized by state law enforcement. (DE 130.) The motion is filed on his behalf by his son Isaac Flerlage. (DE 130.)

Federal Rule of Criminal Procedure 41(g) governs motions for return of property in criminal proceedings. Since the criminal proceedings against the Defendant have concluded, Rule 41(g) no longer provides Defendant a source of relief. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000), *as corrected on reh'g* (Aug. 24, 2000). However, the Court will construe the motion as seeking equitable relief. *United States v. Duncan*, 918 F.2d 647, 654 (6th Cir. 1990).

Movant seeks to recover property seized from Defendant's residence located at 1255 Brookstone Drive, Walton, Kentucky. (DE 130.) Defendant claims that the property was seized without a search warrant, and that ATF agents had agreed to return the property at the conclusion of their investigation. (DE 130.) In support of the latter claim, Movant cites to an unknown exhibit. Presumably, Movant simply failed to attach the exhibit he cites, but in any event, the alleged representations are of no consequence.

The record contains a copy of the search warrant pursuant to which the firearms in question were seized from Defendant. (DE 117-1 at 2–5.) Thus, there is no evidence that an unlawful seizure ever occurred. Moreover, although it does not appear that the Government has pursued forfeiture proceedings against the seized firearms. Nevertheless the firearms cannot be returned to their owner because Defendant was, and continues to be prohibited from possessing firearms. 18 U.S.C. § 922(g); *see also United States v. Twenty-Two Various Firearms*, 38 F. App'x 229, 231 (6th Cir. 2002). This Court may only approve a transfer of guns owned by a convicted felon if the proposed disposition "prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." *Henderson v. United States*, 135 S. Ct. 1780, 1786 (2015). A transfer to Defendant's son does not meet this stringent requirement.

Accordingly, **IT IS ORDERED** that Defendant's motion for return of seized property (DE 130) is **DENIED.**

Dated June 21, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY