UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>NATHAN FLERLAGE,<br>    Defendant. | CRIMINAL NO. 5:10-58-KKC-CJS<br><br><br>MEMORANDUM OPINION & ORDER |

*** *** ***

This matter is before the Court on Defendant Nathan Flerlage's pro se motion in which he seeks a declaration of this Court's intent at his sentencing. (DE 129.) In essence, Flerlage seeks credit for 87 days he served in jail prior to the commencement of his present federal sentence. In his papers, Flerlage appears to assert that he first sought the requested relief from the Bureau of Prisons ("BOP"), but was directed by the BOP to seek an order from this court advising the BOP of its "intent" to give Flerlage credit for 87 days he served in jail from March 16, 2010, through June 11, 2010.

District Courts do not have authority to compute time credits for federal prisoners. *U.S. v. Wilson*, 503 U.S. 329, 334. This Court is only authorized to review a denial of sentence credits pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Setser*, 132 S. Ct. at 1473 ("[Defendant] is free to urge the [BOP] to credit his time served in state court[.] . . . If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program . . . And if that does not work, he may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241."); *United States v. Wilson*, 997 F.2d 208, 209 (6th Cir. 1993) ("The defendant may seek judicial review of the Attorney General's computation once he has exhausted all administrative remedies."). No such petition was

filed here. Even if this Court should construe Defendant's motion as a § 2241 petition—a practice that has been restricted[1]—the motion would be denied.

The statute governing calculation of imprisonment terms provides:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

*Id.* Under this statute, a sentencing court's intent is facially irrelevant to a determination of whether a defendant shall receive credit for any time served prior to the commencement of his federal sentence. Nevertheless, if a defendant claims that a sentencing Court expressed an intent for a defendant to receive such credit, the BOP has established a comprehensive appeals process by which such a claim can be properly raised. 28 CFR §§ 542.10–542.19. In such cases, the BOP follows a self-imposed requirement to "[c]onduct an investigation into each . . . appeal." *Id.* at § 542.11. Here, however, the BOP has not made any inquiry in this matter. Accordingly, this court cannot determine whether Flerlage has pursued the BOP appeals process at all, much less exhausted it.

To the extent Defendant is seeking an additional declaration of this Court's intent as to his sentence running consecutively or concurrently with his state court sentence, the Court would direct Defendant to its prior order denying his motion for his sentences to run

---

[1] The Sixth Circuit has placed limitations on re-characterizing prisoner's filings as § 2255 motions. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). In so doing, this Circuit adopted the Second Circuit's approach to re-characterization. *Id.* (citing *Adams v. United States*, 155 F.3d 582, 583–84 (2d Cir. 1998)). The Second Circuit has had no qualms about extending that prescription to § 2241 re-characterizations. *See Simon v. United States*, 359 F.3d 139, 140 (2d Cir. 2004).

concurrently. (DE 128.)² Stated explicitly, at sentencing this Court did not intend for Defendant's federal sentence to run concurrently with any yet to be imposed state sentence.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Credit (DE 129) is **DENIED.**

Dated June 27, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

² This Court's August 13, 2015, order was based in part on the Sixth Circuit's holding in *United States v. Quintero*. 157 F.3d 1038, 1039 n.1 (6th Cir. 1998) ("a district court cannot impose a sentence to run *concurrently* with a yet to be imposed state sentence") (emphasis in original). The Supreme Court had not decided *Setser* when Defendant was sentenced. 132 S. Ct. 1463 (2012). Thus, although *Quintero* has since been overruled, this Court's *intent at sentencing* was clearly circumscribed by the Sixth Circuit's then-existing rule barring concurrence with yet to be imposed state sentences.